GEORGINA PRIETO WIDOW OF PIÑERO ET AL., Plaintiffs and Appellants, *v.* MARYLAND CASUALTY COMPANY and EDWIN V. GOSS, Defendants and Third-Party Plaintiffs and Appellees; TRANSPORTE METROPOLITANO, INC. and UNITED STATES CASUALTY CO., Third-Party Defendants and Appellees.

No. 515.     Decided December 3, 1970.

*Rodríguez Ema, Rodríguez Ramón, Benítez Gautier and Zequeira, D. Padín Mimoso,* and *A. Emanuelli Belaval* for defendant and appellee Edwin V. Goss. *Luis R. Polo* and *Jaime A. García Blanco* for plaintiffs and appellants.

### JUDGMENT

### (ON RECONSIDERATION)

Defendant requested the reconsideration of the judgment rendered by this Court reversing the judgment of the trial court and sustaining the complaint. We agreed to reconsider that part of the judgment which fixes the percent of liability attributed to plaintiffs' predecessor. The parties having been heard on this particular and the attendant circumstances having been considered, the judgment is modified in the sense of charging 50% of liability upon plaintiffs' predecessor. Consequently the judgment is modified in the sense that Edwin V. Goss is ordered to pay plaintiffs for damages the final sum of one hundred thousand dollars ($100,000) to be distributed as follows: the amount of $12,500 to plaintiff Georgina Prieto and the remaining $87,500 on equal parts

for the four coplaintiff children, Georgina María, Celia María, Héctor, and José Ramón surnamed Piñero Prieto.

As to all the other pronouncements, our judgment of February 12, 1970, is hereby ratified.

Mr. Chief Justice Negrón Fernández as well as Mr. Justice Santana Becerra did not participate herein.

Mr. Justice Pérez Pimentel dissents because he understands that no negligence should be charged to plaintiffs' predecessor. Mr. Justice Hernández Matos ratifies his position to the effect that only 30% of negligence should be charged.

It was so decreed and ordered by the Court and certified by the Clerk.

(s) JOAQUÍN BERRÍOS

*Clerk*